# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PARIS WITCHER, : CIVIL NO. 3:-09-CV-0558
    Plaintiff :
: (Judge Munley)
v. :
:
SUPERINTENDENT KERESTES, :
  et al., :
    Defendants :

## MEMORANDUM

Paris Witcher, ("Witcher"), an inmate currently incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy), filed this civil rights complaint on March 26, 2009. (Doc. 1.) Named as defendants are the following individuals employed by the Pennsylvania Department of Corrections: Superintendent Kerestes, Superintendent of SCI-Mahanoy ("Kerestes"); Officer Maclunny ("Maclunny"), guard at SCI-Mahanoy; and, Dorina Varner, Acting Chief Grievance Officer ("Varner") employed at the State Correctional Institution at Camp Hill. Presently ripe for disposition is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted in part and denied in part.

I.    **Allegations of the Complaint**

On August 27, 2008, Witcher was taken to the Restrictive Housing Unit ("RHU"). (Doc. 1, at 10.) The following day, his property was inventoried and he was told by three correctional officers that he had "to either send much of it home or it would be destroyed."

(Id.) He alleges that on August 28, 2008, defendant Maclunny threw away legal work, and religious and educational books. (Doc. 1, at p. 2.) He filed a grievance number 242323, which was responded to as follows:

> Mr. Witcher, you state in your grievance that on 8/27/08 you were taken to the RHU, that on 8/28/08 your property was inventoried by Officer Banks and two other Officers who told you that you had to either send much of it home or destroy it. You state that the property was religious and other books for which you have an exemption and legal work. You state that you informed the Officers that according to DOC policy, page 37 in the handbook, that you are allowed as much storage space equal to one footlocker which I have and the storage cabinet in the cell and that all together this is that amount of property I have.
>
> Mr. Witcher, the information you have is incorrect. On page 37 it states that you can have one footlocker and two boxes of property. When you were placed in the RHU you had one footlocker and eight boxes, also on 6/21/08 during an investigative search, it was discovered that you had excess property and were ordered to either mail it home or destroy it; you chose to mail five boxes and one pair of converse sneakers home as indicated on a DC-154A (Confiscated Items Receipt (inmate) with your signature.
>
> Mr Witcher, upon review I find that your grievance is frivolous and without merit and therefore denied.

(Doc. 1, at p. 12.) His appeal to defendant Kerestes was denied. (Id. at p. 2.) Thereafter, he appealed to defendant Varner, but the appeal was denied as untimely. (Doc. 1, at pp. 7-9.)

## II. Motion to Dismiss

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as

true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at

the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

B. **Discussion**

In order to prevail on a civil rights claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp.2d 361, 372 (M.D. Pa. 2001). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Such allegations, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Further, the United States Court of Appeals for the Third Circuit requires a defendant's contemporaneous, personal knowledge and acquiescence, in order to establish personal

4

knowledge.

1. <u>Defendants Kerestes and Varner</u>

Inmates do not have a constitutional right to a prison grievance system. See <u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 137-138, (1977); <u>Speight v. Sims</u>, 238 Fed. App'x 880, 881 (3d Cir. 2008) (citing <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir.2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") Further, participation in the after-the-fact review of a grievance or appeal is insufficient to establish personal involvement on the part of those individuals reviewing grievances. See <u>Rode</u>, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); <u>Brooks v. Beard</u>, 167 F. App'x. 923, 925 (3d Cir.2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); <u>Croom v. Wagner</u>, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); <u>Ramos v. Pennsylvania Dept. of Corrections</u>, 2006 WL 2129148, at *2 (M.D.Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement); <u>Presly v. Blaine</u>, No. 01-2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D.Pa. May 17, 2006) (" '[M]ere concurrence in a prison administrative appeal process does not implicate a

5

constitutional concern." (citing Garfield v. Davies, 566 F. Supp. 1069, 1074 (E.D. Pa.1983))). It is clear that defendants Kerestes and Varner were not personally involved in the underlying alleged unconstitutional conduct and their review of Witcher's grievances is insufficient to establish personal involvement.

2. Defendant Maclunny

Defendant seeks to dismiss this claim on the basis that he complied with the Pennsylvania Department of Corrections policy concerning the confiscation and destruction of excess inmate property. (Doc. 13, at pp. 3-4.) In response, Witcher indicates that defendant misunderstands his claim in that he seeks to bring a denial of access to the court's claim based on the disposal of his criminal trial transcript, not a destruction of property claim. (Doc. 20, at 5.) Consequently, the motion to dismiss will be denied with respect to Maclunny.

### III. 28 U.S.C. § 1915

Because it was not clear from the complaint that Witcher was seeking to bring an access to the court's claim, the claim was not initially screened in accordance with 28 U.S.C. § 1915. The Court will take the opportunity to do so now.

#### A. Standard of Review

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review is the

6

same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

B.  Discussion

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). However, when an inmate does not allege an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated. See Lewis, 518 U.S. at 352-53, 116 S.Ct. at 2180-2181. An actual injury is shown only where a nonfrivolous, arguable claim is lost. See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Witcher fails to allege that he sustained any actual injury. See Lewis., 518 U.S. at 349 (requiring a claimant to show actual injury by the alleged denial of access). He simply states in his opposition brief that he "has a constitutional right to possess those papers which would provide him the means of readressing [sic] or access to the court. This right was violated when these papers were thrown away." (Doc. 20, at 5.) Witcher is mistaken. He does not allege he has suffered actual injury to a pending or contemplated legal claim as a result of Maclunny's alleged actions. Consequently, the claim against Maclunny will be dismissed.

Notwithstanding dismissal, it appears that the deficiencies may be remedied by amendment. Witcher may be able to allege actual injury. Thus, although the complaint will be dismissed, he will be afforded the opportunity to amend his complaint.

IV. <u>Conclusion</u>

Based on the foregoing, defendants' motion to dismiss (Doc. 12) will be granted in part and denied in part. The motion is granted with respect to defendants Kerestes and Varner, but denied as to defendant Maclunny. The remaining claim pending against Maclunny will be dismissed pursuant to 28 U.S.C. § 1915. However, Witcher will be afforded the opportunity to amend.

An appropriate order follows.

BY THE COURT:

**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: February 3rd, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS WITCHER, | : | CIVIL NO. 3:-09-CV-0558 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SUPERINTENDENT KERESTES, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, to wit, this ___ day of February 2010, upon consideration of defendants' motion to dismiss (Doc. 12), it is hereby **ORDERED** that:

1. The motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), is GRANTED with respect to defendants Kerestes and Varner.

2. The motion to dismiss is DENIED with respect to defendant Maclunny.

3. The remaining claim, access to the courts, lodged against defendant Maclunny, is DISMISSED pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

4. The Clerk of Court is directed to CLOSE this case.

5. Plaintiff may FILE an amended complaint against defendant Maclunny on or before February 20, 2010. The amended complaint shall carry the same civil docket number (3:09-CV-0558) presently assigned to this matter.

6. The amended complaint shall be a short, plain, and concise statement of the claim and shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. FED. R. CIV. P. 8(e)(1).

7. If plaintiff chooses to file an amended complaint, the Clerk of Court will be directed to reopen this matter.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court