# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PARIS WITCHER,** | : | **CIVIL NO. 3:-09-CV-0558** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **OFFICER MACLUNNY,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Paris Witcher, ("Witcher"), an inmate currently incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy), originally filed this civil rights complaint on March 26, 2009, naming as defendants Superintendent Kerestes, Officer Maclunny, and Dorina Varner. (Doc. 1.) On February 3, 2010, a memorandum and order were entered dismissing the complaint in its entirety, but affording Witcher the opportunity to amend to cure defects. (Doc. 35.) On February 19, 2010, he filed an amended complaint naming Officer Maclunny ("Maclunny") as the sole defendant.

Because Witcher is proceeding in forma pauperis, the court is obligated to screen the amended complaint pursuant to 28 U.S.C. § 1915. Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted . . . " 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons set forth below, the amended complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.    Standard of Review**

The applicable standard of review is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007). The Twombly Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 555 (internal citations omitted); see also Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ." Twombly, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (quoting Twombley, 550 U.S. at 570.) This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler v. UPMC Shadyside, No. 07-4285, 2009 WL 2501662, * 5 (3d Cir. August 18, 2009) (citations omitted).

However, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson, 293 F.3d at 108; Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

## II. Allegations of the Amended Complaint

Witcher alleges that on August 28, 2008, defendant Maclunny "threw in the trash approximately 217 pages of this plaintiff's Pre-Trial & Trial Transcripts and legal case, personal property." (Doc. 36, at 1.) On that same date, "Maclunny also destroyed by throwing in the trash personal religious material of this plaintiff to purposefully discriminate against this petitioner for [h]is religious beliefs to this plaintiff's personal harm, injury and damages, in throwing away 25 religious books, including 2 Qurans, 2 Hadiths, and assorted study books."

## III. Discussion

3

Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law committed by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id. Section 1983 is not a source of substantive rights, but merely a method for vindicating violations of other federal laws. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004). To establish a claim under this section, the plaintiff must show the deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The First Amendment offers protection for a wide variety of expressive activities. See U.S. CONST. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78, 89 (1987).

4

### A. Access to the Courts

Witcher alleges that defendant threw away approximately 217 pages of legal material. Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). However, when an inmate does not allege an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated. See Lewis, 518 U.S. at 352-53. An actual injury is shown only where a nonfrivolous, arguable claim is lost. See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Despite the opportunity to do so, Witcher failed to include allegations in the amended complaint that he sustained any actual injury. See Lewis, 518 U.S. at 349 (requiring a claimant to show actual injury by the alleged denial of access). He simply states that his legal materials were discarded. He does not allege he has suffered actual injury to a pending or contemplated legal claim as a result of Maclunny's alleged actions. Consequently, this claim will be dismissed.

### B. Free Exercise of Religion

Prisoners must be afforded "reasonable opportunities" to exercise their religious freedom guaranteed by the First Amendment. Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972). However, imprisonment necessarily results in restrictions on some constitutional rights, including the First Amendment's right to the free exercise of religion. O'Lone v. Shabazz, 482 U.S. 342, 348-49 (1987). It is well-established that only those beliefs which are (1) sincerely held, and (2) religious in nature are entitled to constitutional protection. Wisconsin

v. Yoder, 406 U.S. 205, 215-19 (1972); Dehart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000); Africa v. Pennsylvania, 662 F.2d 1025, 1029-30 (3d Cir. 1981)(describing three indicia of religion (1) an attempt to address "fundamental and ultimate questions" involving "deep and imponderable matters"; (2) a comprehensive belief system; and (3) the presence of formal and external signs like clergy and observance of holidays.).

Witcher fails to allege with any specificity how the removal of 25 religious books, including 2 Qurans, 2 Hadiths, and assorted study books substantially burdened his ability to observe a central religious belief or practice. See Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). The claim is therefore subject to dismissal.

## IV. Conclusion

Based on the foregoing, plaintiff's amended complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). It is concluded that because the amended complaint is substantially similar to the original complaint, affording Witcher an additional opportunity to amend would be futile. See Tindell v. Beard, No. 09-3063, 2009 WL 3739448, at *3 (3d. Cir. Nov. 10, 2009). An appropriate order follows.

                                                BY THE COURT:

                                                S/James M. Munley
                                                JUDGE JAMES M. MUNLEY
                                                United States District Court

Dated: February 28, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS WITCHER, | : | CIVIL NO. 3:-09-CV-0558 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SUPERINTENDENT KERESTES, | : | |
| et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, 28th day of February 2010, upon consideration of plaintif's amended complaint (Doc. 36) it is hereby **ORDERED** that:

1. The Clerk of Court is directed to REOPEN this matter.

2. The amended complaint is DISMISSED pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                **BY THE COURT:**

                **s/James M.Munley**
                **JUDGE JAMES M. MUNLEY**
                **United States District Court**